**R.A. WASHBURN, et al., Appellants,**

v.

**C.W. KRENEK, et ux., Appellees.**

**No. A14-84-369CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 20, 1984.

Richard G. Sedgeley, James S. Kelly, Houston, for appellants.

Richard Morrison, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a judgment permanently enjoining Appellants from performing certain acts and awarding attorney's fees to the Appellees pursuant to the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA). TEX.BUS. & COMM.CODE ANN. § 17.41 et seq. (Vernon Supp.1984). Appellants, R.A. Washburn, Larry C. Washburn, James M. Washburn, and Charles E. Washburn, Individually, and the Washburn Partnership, a partnership of Larry C. Washburn, James M. Washburn and Charles E. Washburn, were enjoined from conveying, selling, using, leasing, attempting to sell or give away certain properties for any purpose in violation of certain deed restrictions listed in the judgment. Larry, James and Charles Washburn are the sons of R.A. Washburn. Appellants raise ten points of error attacking the special issues submitted to the jury and challenging the applicability of the DTPA to this case. We affirm.

In June of 1979, Mr. C.W. Krenek met James Washburn, at Washburn's home on Kimberlee Lane in Harris County, about purchasing a lot on which to build a home. Krenek had seen a sign located at the intersection of Miller Road No. 2 and Kimberlee Lane which said:

Home Sites

Large Tracts

Restrictions

227–3979  Call 456–0381

The first phone number was that of Washburn and Company, a surveying company. The second number on the sign was the number of James Washburn.

At the meeting, James Washburn gave Krenek a plat showing the layout of several lots and a set of restrictions. This layout was introduced into evidence as Plaintiff's Exhibit No. 1. On this plat were forty-four lots owned by the three Washburn brothers. Of these lots, three of them had previously been conveyed to the three brothers by their father R.A. Washburn. Also on the plat were tracts of land marked "Washburn Estate" and "acreage." These tracts were owned by R.A. Washburn.

James Washburn then showed Krenek several lots on Kimberlee Lane that were for sale. Krenek asked who owned the remainder of the land. James Washburn responded that either R.A. Washburn or the three brothers owned all the lots in the area. Krenek testified that he was told that the set of restrictions that he was given applied to all the lots on the plat. Krenek did not purchase a lot from James Washburn after that visit.

A few days later, Krenek returned and met with R.A. Washburn at his home on Kimberlee Lane. R.A. Washburn and Krenek discussed several lots. After discussing a lot next to R.A. Washburn's home, Krenek asked about restrictions. In response, R.A. Washburn said that he would restrict the lot as he had the three lots which he had given his sons. R.A. Washburn then gave Krenek a set of restrictions which were the same as the set he had received from James Washburn. Krenek was told by R.A. Washburn that the restrictions applied to all of the land.

Krenek, on July 18, 1979, bought a lot from R.A. Washburn and the same set of

restrictions were attached to his deed. The Kreneks then built a home on their lot.

In the fall of 1981, Krenek learned that the Appellants were attempting to sell and/or lease some of the property along Kimberlee Lane for commercial purposes. Krenek believed that the proposed commercial use of the property was in violation of the restrictions he had received. Krenek and his wife filed suit seeking that the proposed sale and/or lease of the property by Appellants be enjoined. Appellees' Original Petition alleged that the Appellants had violated the DTPA in several respects. Trial was to a jury which found that the Appellants' proposed sale and/or lease of the property was in violation of the DTPA. The trial judge entered judgment enjoining the sale or lease of the property for commercial purposes and awarded attorney's fees to the Appellees. Appellants have properly and timely filed their appeal from that judgment.

In points of error one through eight, Appellants voice several objections over the special issues submitted to the jury. For example, point of error one is that the trial court erred in submitting the first special issue because "James M. Washburn did not own or have an interest in the property designated Acreage Tract and Washburn Estate on PX–1 and there is no evidence that he made such a representation to Mr. Krenek." Regardless of the merits, each of Appellants' first eight points of error must be overruled due to Appellants' failure to preserve error in the court below.

■ In points of error five and six, Appellants complain that the trial court erred in submitting Special Issues Nos. six and seven. However, in the record, counsel for Appellants stated that he had no objections to those two issues. Any complaint as to a special issue is deemed waived unless specifically included in the objections. TEX.R. CIV.P. 274. By failing to object to Special Issues Nos. six and seven Appellants have waived their right to complain of defects concerning those issues. Points of error five and six are overruled.

■ Point of error one attacks the submission of Special Issue No. one. Point of error three is that the trial court erroneously submitted Special Issue No. three. The fourth point is that the trial court erred in submitting Special Issue No. four. At the trial level, Appellants did object to the submission of these issues. However, the objections at trial did not include the reasons listed in support of the points of error. When an Appellant does not object at trial to the submission of a special issue on the ground asserted on appeal, the objection is waived. *Frost v. Sun Oil Co. (Delaware)*, 560 S.W.2d 467 (Tex.Civ.App. —Houston [1st Dist.] 1977, no writ); TEX. R.CIV.P. 274. Because the grounds listed in support of these points of error on appeal were not given as objections at the trial level, Appellants have waived their right to complain. Points of error one, three and four are overruled.

■ Point of error two complains that the second special issue was improperly submitted. In the record, Appellants' counsel did not specifically list his objections to Special Issue No. two but rather adopted "the objection to Special Issue No. One and appl[ied] those to Special Issue No. Two for the same reasons that I have given for my objections to Special Issue No. One." TEX.R.CIV.P. 274 provides that: "No objection to one part of the charge may be adopted by reference only." Appellants, by merely adopting by reference the objections to one part of the charge, have waived the right to complain that Special Issue No. two was improperly submitted. Point of error two is overruled.

■ The seventh point of error is that: The lower court erred in submitting Special Issue No. 9 in that, again, the term "defendant" is employed, which would include the Washburn Brothers, and there is no evidence that the Washburn Brothers made any representation to Mr. Krenek that the restrictions on his lot conferred or involved certain rights. There was no basis in fact for the submission of this issue or the answer thereto by the jury.

Appellants' counsel objected to that issue on the basis that:

said issue is not based upon any evidence adduced during this trial that indicated that there was anything wrong with the restrictions or that the plaintiffs made any representation that the defendants made any representations to the plaintiff regarding the restrictions, and therefore, this special issue should not be submitted due to lack of evidence regarding same as stated.

We do not believe that the objections specifically and distinctly include the argument raised by Appellants in point of error seven. As we understand point of error seven, Appellants argue that the special issue is defective because it includes the term "defendants," that term includes the Washburn brothers, and there is no evidence of representations by the Washburn brothers of restrictions on the lot actually purchased by Krenek. This argument was not raised by Appellants' objections to Special Issue No. nine. By failing to include the argument in the objections, Appellants have waived their complaint. Point of error seven is overruled.

Point of error eight is that the trial court erred in submitting Special Issue No. 11 because the issue refers to all the defendants and there is no evidence that Larry and Charles Washburn made any representations. The objection to the issue was that "[t]here is no evidence anywhere in the record that defendants made any representation to the plaintiff about the restrictions...." This objection makes no mention of the argument that the term "defendants" includes Larry and Charles Washburn and there is no evidence that those two defendants made any representations. By failing to include this argument in the objections to the charge, Appellants have waived the right to raise this argument on appeal. TEX.R.CIV.P. 274. Point of error eight is overruled.

■ Appellants' ninth point of error is that the trial court erred in entering the injunction against Larry and Charles Washburn because there is no basis for saying that James was acting on behalf of his two brothers. Both Appellees' Original Petition and First Amended Original Petition listed "the Washburn Partnership, a partnership of Larry C. Washburn, James M. Washburn and Charles E. Washburn" as one of the defendants in this case. Defendants' Original Answer did not contain a sworn denial of the alleged partnership status. A failure to deny partnership status by a verified denial results in an admission of the existence of a partnership which cannot be controverted at trial. TEX.R. CIV.P. 93(5); *Sims v. Hill,* 567 S.W.2d 912 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ). When a partnership exists, the presumption is that each individual partner is an authorized agent for the remaining partners. *Brewer v. Big Lake State Bank,* 378 S.W.2d 948 (Tex.Civ.App.—El Paso 1964, no writ). We are unable to agree with Appellants that there is no basis for saying James Washburn was acting on behalf of his two brothers. Point of error nine is overruled.

Point of error ten is that the trial court erred in ordering the injunction against the three Washburn brothers because there was no basis under the DTPA or other law upon which liability could be based. Under this point of error, Appellants argue that Krenek was not a consumer and that no violation of the DTPA has been shown.

■ Clearly, a party must qualify as a consumer in order to maintain a private cause of action under the DTPA. *Riverside National Bank v. Lewis,* 603 S.W.2d 169 (Tex.1980). The Supreme Court has recognized that two requirements must be met for a party to qualify as a consumer: 1) the party must have sought or acquired goods or services by purchase or lease; and 2) those goods and services must form the basis of the party's complaint. *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex.1981). We cannot agree with Appellants that neither requirement has been met in this case.

■ Krenek sought and acquired by purchase a parcel of land encumbered by

deed restrictions. It is this land and the deed restrictions which form the basis of Appellees' complaint. We cannot accept Appellants' interpretation of the DTPA which would find that a claimant is not a "consumer" unless he purchased goods or services from all the defendants. The DTPA does not require that a party seek or acquire goods or services furnished by each defendant to be a consumer. *Cameron,* 618 S.W.2d at 541. Appellees purchased goods from R.A. Washburn and were consumers in this transaction.

▆▆ Appellants also argue that under *Parks v. U.S. Home Corp.,* 652 S.W.2d 479 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd), there has been no showing that the DTPA was violated. In that case, it was held that sections 17.46(b)(5 & 23) of the DTPA were not violated. In our case, the Appellees alleged and the jury found that other subsections of the DTPA had been violated. Because these other grounds for liability have not been challenged, Appellants have failed to show that there is no basis for liability under the DTPA. Point of error ten is overruled.

The judgment is affirmed.