**William R. FINCHER, Individually and as Trustee, and Yellow Ribbon Enterprises, Appellants,**

v.

**B & D AIR CONDITIONING AND HEATING COMPANY and Donald L. Partridge, Appellees.**

No. 01–89–01246–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1991.

Rehearing Overruled Sept. 26, 1991.

Robert A. Sherman, Houston, for appellants.

Dona Szak, Houston, for appellees.

Before MIRABAL and WILSON, JJ., and FRANK C. PRICE,[1] Former Justice (Sitting by Assignment).

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION

PRICE, Assigned Former Justice.

The main question presented in this appeal is whether a partner in a Texas general partnership, although not named *individually* as a defendant in a petition, can be held individually liable because he was served with citation on behalf of the partnership.

The plaintiff in the trial court was a subcontractor who sued to collect for materials furnished to rehabilitate an apartment complex. The plaintiff sued the owners of the apartment, the original contractor, and the subcontractor with whom plaintiff had contracted.

The defendant subcontractor filed a cross action against the defendant original contractor and the defendant apartment owners. This appeal arises out of the judgment, after a bench trial, in favor of the defendant/cross-plaintiff subcontractor (appellees) against the apartment owners (appellants).

One owner of the apartments was appellant, Yellow Ribbon Enterprises ("Yellow Ribbon"). Yellow Ribbon was a Texas general partnership composed of two partners, William R. Fincher, individually, and William R. Fincher, Trustee for a Texas corporation. William R. Fincher ("Fincher") is an appellant in both capacities.

## THE ORIGINAL PETITION AND SERVICE OF CITATION

The Plaintiff's original petition named as defendants "Yellow Ribbon Enterprises and William R. Fincher, *Trustee*," among others. The petition states that Yellow Ribbon is a partnership that can be served with process "by serving its general partner, William R. Fincher." The petition also states, in a separate paragraph, that "William R. Fincher may be served with process" at his place of business. The petition alleges that "Yellow Ribbon Enterprises and William Fincher are owners of the real property upon which the improvements were made," and that Yellow Ribbon acted by and through "its general partner, William Fincher." In the prayer, the petition seeks judgment generally against "the Defendants, jointly and severally."

The citation served on Yellow Ribbon Enterprises was addressed "TO: Yellow Ribbon Enterprises, a limited partnership, by serving William R. Fincher, its general partner." The citation served on Fincher was addressed "To: William R. Fincher." The officer's return on each citation shows service was had on "William R. Fincher."

An original answer was filed by Defendants Yellow Ribbon Enterprises and "William R. Fincher, *Trustee*."

## THE CROSS ACTION

Appellees' cross-petition named as cross-defendants "Yellow Ribbon Enterprises and William R. Fincher, *Trustee*," as well as others. The petition states an address at which "Yellow Ribbon Enterprises and William R. Fincher may be served with process." The prayer for relief seeks judgment generally against "the cross-defendants, and each of them."

In response, Yellow Ribbon and "William R. Fincher, Trustee," filed a cross-action against appellees.

## THE TRIAL

At the start of the trial, appellants' counsel stated on the record that Mr. Fincher was appearing as trustee only, not individually. Toward the end of the trial, the following transpired:

[By Appellees' Counsel]: Unless Mr. Fincher is trying to be here only as a trustee of some sort, and I think we have established, now, that he, individually, was one of the partners—a General Partner—of the owners of the property and may be held personally liable, irrespective of a claim of some trustee position, which he's trying to hide behind, that's irrelevant.

[By Appellants' Counsel]: That's not true. Mr. Fincher was filed on as William R. Fincher, Trustee.

[By Appellees' Counsel]: Q. You were?

[By Fincher]: A. Yes, sir, I was never served, individually.

At the close of evidence, on June 16, 1989, the trial court announced from the bench that he was granting judgment "for

B & D Air Conditioning against Yellow Ribbon"; the judge did not mention granting judgment against Fincher in any capacity.

On July 31, 1989, one and one-half months after the trial, appellees filed a "First Trial Amendment to Original Cross Petition," stating that all of their claims in their cross action were being alleged "against William R. Fincher, Individually as well as in his capacity as Trustee."

On August 9, 1989, Defendants Yellow Ribbon and "William R. Fincher, Trustee," filed a motion to strike appellees' trial amendment claiming that it "operates as a surprise to Defendants in that he is attempting to add a new party, without the allowance of time to prepare for said amended pleading...." Additionally, the motion states that Fincher, individually, "is not represented by counsel below and was not represented in said capacity in the above proceeding due to the surprise." Finally, the motion states that the attempt by appellees to bring in a new party states no excuse or explanation for appellees' delay and lack of diligence in bringing in a new party, in that "this cause of action was commenced on July 12, 1983 and far exceeds the statute of limitations for adding new parties to pleadings per Rules 37 and 38, T.R.C.P." The motion concludes by asking that, if the Court allows Fincher to be added as a party in his individual capacity, the Court reopen the trial on the merits and allow Fincher ample time to prepare for the trial amendment.

On August 31, 1989, two and one-half months after the trial ended, the trial court signed the judgment, which recites specifically that the court grants appellees "leave to make a trial amendment to seek recovery on their claims against William R. Fincher, individually as well as Trustee." The judgment grants relief against Fincher, individually and as Trustee. The trial court overruled the motion for new trial or, alternatively, to amend judgment, to delete relief against Fincher, individually.

In point of error one, Yellow Ribbon and Fincher assert the trial court erred in awarding judgment against Fincher in his individual capacity.

■ The Texas Uniform Partnership Act, also known as TUPA, is codified in TEX.REV.CIV.STAT.ANN. art. 6132b, § 1 (Vernon 1970), and is applicable to all partnerships regardless of when they came into existance. *Austin v. Truly,* 721 S.W.2d 913, 921–22 (Tex.App.—Beaumont 1986), *aff'd,* 744 S.W.2d 934 (Tex.1988). Section 15 of the Act states:

All partners are liable jointly and severally for all debts and obligations of the partnership including those under Sections 13 and 14.

TEX.REV.CIV.STAT.ANN. art. 6132b, § 15 (Vernon 1970). The comment following section 15 states that the Texas section differs from the national act in that it makes *all* civil liability joint and several, as opposed to just contractual. The liability of the partners is in addition to the liability of the partnership itself, and suits may be brought in the name of the firm, with service on one partner. TEX.REV.CIV.STAT.ANN. art. 6132b, § 15 comment (Vernon 1970).

■ Section 17.022 of the Texas Civil Practice and Remedies Code, entitled "Service on Partnership," states: "Service on one member of a partnership authorizes a judgment against the partnership and the partner actually served." TEX.CIV.PRAC. & REM.CODE ANN. § 17.022 (Vernon 1986). Partners who are served are on notice that they will be personally liable for any judgment entered against the partnership. Their liability is derivative, and they need not be named as defendants individually. This is the plain meaning of the language of these statutes.

■ The petition alleged a cause of action against the partnership. The appellants never denied the partnership status, thus the admission of its existence could not be controverted at trial. *See Washburn v. Krenek,* 684 S.W.2d 187, 191 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd

n.r.e.); TEX.R.CIV.P. 93(5). Once liability is established against the partnership, the joint and several liability of each individual partner follows as a matter of law, and section 17.022 allows a judgment to be entered against any partner served.

We agree with the dissent that the better practice is to name the partnership and each individual partner as a defendant in the suit. The dissent cites a case from this Court for the proposition that "[a] petition against a partnership *should* state the names of all the partners for judgments to be obtained against them individually." *Texaco, Inc. v. Wolfe*, 601 S.W.2d 737, 740 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e) (emphasis added). However, the holding in *Texaco, Inc.* does not say that a suit against a partnership must name the partners individually as defendants before a judgment can be obtained against them.

In *Texaco, Inc.*, the petition alleged recovery against the partners, jointly and severally, in their individual capacities, without making the partnership a party to the suit. A default judgment was entered against one partner, and the jury found "nothing" owed individually by the other partner, Wolfe. On the motion for rehearing, Texaco asserted it was entitled to judgment against Wolfe because he was a partner in the partnership; the evidence at trial raised partnership liability; and the case was also tried on that theory. 601 S.W.2d at 741–42.

This Court said that in order to be entitled to an individual judgment against Wolfe as a partner of the partnership, Texaco had to allege and prove a cause of action against the partnership, and then prove Wolfe was a partner. Texaco had not pled the liability of the partnership; therefore, no judgment could be entered against the partnership. If Texaco had relied on a partnership theory for its recovery, "[i]t would have been necessary to require the trial court to instruct the jury on the law of partnership in order to fix Charles R. Wolfe's derivative liability. No such instruction was requested or given." *Id.* Therefore, no judgment could be entered against Wolfe individually, as a partner.

In the present case, the petition alleged a cause of action against the partnership. Appellants never denied the partnership status, thus the admission of its existence could not be controverted at trial. *See Washburn v. Krenek*, 684 S.W.2d 187, 191 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 93(5). Once liability is established against the partnership, the joint and several liability of each individual partner follows as a matter of law, and section 17.022 allows a judgment to be entered against any partner served.

Appellees named Fincher as a defendant, in the capacity of "Trustee." The petition also alleged Fincher was a general partner of Yellow Ribbon. The evidence showed that Yellow Ribbon was a Texas general partnership composed of two partners, Fincher, individually, and Fincher as Trustee for a corporation. The only *partner* named as a defendant in appellee's petition was "Fincher, Trustee." But Fincher was served with citation, both as general partner and as William Fincher.

The factual allegations in the pleadings state, and the proof showed, that Fincher was a general partner of Yellow Ribbon, that Yellow Ribbon and Fincher owned the involved apartment complex, and that Fincher made certain representations and agreements. Fincher signed the contracts for Yellow Ribbon; he signed the check to the appellees; and he had personal knowledge of all the events involved in the lawsuit. Yellow Ribbon acted by and through Fincher.

We hold that Fincher, although not named as a defendant individually, when served as general partner for Yellow Ribbon, was before the trial court in his capacity as general partner and, once the partnership liability was established, a judgment could be taken against him individually.

Appellees did file a trial amendment before the judgment was signed, one and one-half months *after* the trial. By the trial amendment, appellees sought to add Fincher as a party defendant in his individual capacity. The judgment, signed two and one-half months after the trial, specifically granted appellees leave to file the trial amendment and granted judgment against Fincher, individually.

■ Trial amendments are alterations in, or additions to, pleadings permitted to correct errors or supply omissions discovered during the trial. TEX.R.CIV.P. 66; 2 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 8.07 (rev. 1982). A trial amendment may be filed only with leave of court, and the request for leave is addressed to the trial court's sound discretion, its ruling being reversible only on a showing of abuse. *Wendell v. Central Power & Light Co.*, 677 S.W.2d 610, 617 (Tex.App.—Corpus Christi 1984, writ ref'd, n.r.e.); McDONALD, § 8.07.

■ The trial court may properly allow the amendment of pleadings to add a party *plaintiff* after the trial, but before entry of judgment in favor of the added plaintiff. *Lloyd's of London v. Walker*, 716 S.W.2d 99, 103–104 (Tex.App.—Dallas 1986, writ ref'd n.r.e.); *International Life Ins. Co. v. Herbert*, 334 S.W.2d 525, 531 (Tex.Civ.App.—Waco 1960, writ ref'd n.r.e.). Appellees have not cited any cases, and we have found none, that condone the entry of judgment *against* a party who made no appearance in the case and was not named as a defendant until after the trial concluded. However, because it was not necessary to name Fincher individually, we hold that the trial court did not abuse its discretion in allowing the trial amendment.

Therefore, we overrule appellants' first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. The judgment is affirmed.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

The following hypothetical illustrates the effect of the majority's ruling today:

Assume plaintiff files suit against named defendants "ABC Partnership, B, individually and C, individually" (without naming A, individually, as a defendant). Assume also that the petition states that ABC Partnership can be served with process by serving any of its partners, A, B, or C, and that the constable serves A with the citation that is addressed "TO: ABC Partnership." Assume further that the petition's concluding prayer seeks judgment against "all defendants, jointly and severally" or against "ABC Partnership, B and C, jointly and severally." Assume answers are filed on behalf of ABC Partnership, B and C, and that A never appears in the case. According to the majority opinion in the present case, judgment could properly be entered against A, individually, even though A was not named as a defendant. A logical extension of the majority's opinion is that the plaintiff could take a default judgment against A, individually, nonsuit the other defendants, and have a final judgment against A, even though A was never individually named as a defendant.

I respectfully disagree and dissent. I do not believe a reasonable person in A's shoes would be put on notice that he is being sued *individually* when he gets served with a citation addressed "TO: ABC Partnership," along with a petition that does not name A, individually, as a defendant.

In my opinion, in the present case, the trial court erred when it granted judgment against Fincher *individually*, when Fincher was not named *individually* as a defendant until *after* the trial was completed.

A petition against a partnership should state the names of all the partners in order that judgments may be obtained against them individually. *Texaco, Inc. v. Wolfe,* 601 S.W.2d 737, 740 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Further, a petition should allege the capacity of a defendant sued other than as an individual. *Id.;* 2 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 6.04.2 (rev. 1982).

In the present case, the evidence showed that Yellow Ribbon was a Texas general partnership composed of two partners, Fincher, individually, and Fincher as Trustee for a corporation. The only *partner* named as a defendant in appellee's petition was "Fincher, Trustee".

It is true that the factual allegations in the pleadings state, and the proof showed, that Fincher was a general partner of Yellow Ribbon, that Yellow Ribbon and Fincher owned the involved apartment complex, and that Fincher made certain representations and agreements. It is also true that all partners are jointly and severally liable for the debts of the partnership, and that citation served on a member of a partnership generally authorizes judgment against the partnership and the partner actually served. TEX.REV.CIV.STAT.ANN. art. 6132b, §§ 15, 16(1) (Vernon Supp.1991); TEX.CIV. PRAC. & REM.CODE ANN. § 17.022 (Vernon 1986). However, we have not been shown, nor can we find, any case holding that a partner, not named in a suit as a *defendant,* can have a valid judgment entered against him. Fincher was named as a defendant only in his capacity as "Trustee." A judgment against a trustee in his representative capacity is collectible by execution against the trust property, not against the trustee's personal assets. TEX.PROP. CODE ANN. § 114.084 (Vernon 1984).

I would hold the post trial amendment adding Fincher, *individually,* as a party defendant, when he did not participate in the trial or file any pleadings in the case *individually,* did not authorize a judgment against Fincher, *individually.*

I would sustain point of error one. I would reverse and render a take-nothing judgment as to appellant William R. Fincher, individually, and affirm the judgment in all other respects.