Affirmed in Part and Reversed and Remanded in Part and Majority and
Dissenting Opinions filed November 21, 2006








Affirmed in Part and Reversed and Remanded in Part and Majority and Dissenting Opinions filed November
21, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00398-CV

_______________

 

KAO HOLDINGS, L.P., d/b/a SEBRING 

APARTMENTS and WILLIAM KAO, Appellants

 

V.

 

ANNIE LEE YOUNG, Appellee

                                                                                                                                               


On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 04-26236

                                                                                                                                               


 

M A J O R I T Y   O P I N I O N

 

In this restricted appeal, Kao
Holdings, L.P. d/b/a/ Sebring Apartments (AKao Holdings@) and William Kao (AKao@) appeal a default judgment entered
against them on the grounds that appellee, Annie Lee Young, failed to: (1)
present legally or factually sufficient evidence of damages; (2) sue and serve
Kao in his individual capacity; and (3) include Kao Holdings in her motion for
default judgment.  We affirm in part and reverse and remand in part.








Sufficiency of Damage Evidence

            Appellants= first issue argues that error is
apparent on the face of the record[1] because Young
failed to present legally or factually sufficient evidence of unliquidated
damages.

When a default judgment is taken
against a non‑answering defendant on an unliquidated claim,[2]
all allegations of fact contained in the petition are deemed admitted, except
for the amount of damages.  Holt Atherton Indus., Inc. v. Heine, 835
S.W.2d 80, 83 (Tex. 1992).  Accordingly, the trial court must hear evidence on
any such damages.  See Tex. R.
Civ. P. 243.[3]








In this case, the trial court awarded
Young $2,500,000 for personal injuries and related damages, all of which are
unliquidated.  However, our record contains no testimony or other evidence supporting
any damage award.  Although Young contends that the trial court held a hearing
on damages and reviewed her submitted evidence, we have no record of any
hearing or any evidence being presented to the trial court.[4] 
Therefore, we sustain appellants= first issue.

Suit and Service Against Kao Individually

Appellants= second issue contends that error is
apparent from the face of the record because judgment was entered against Kao
in his individual capacity even though he was not separately named individually
as a defendant in the case or separately served with citation in his individual
capacity.[5]








Except as otherwise expressly
provided by law, a
judgment may not be entered against anyone who has not been named as a
defendant and served with process.  See Tex. R. Civ. P. 124; Werner v. Colwell, 909 S.W.2d
866, 869 (Tex. 1995).  However, in a suit against a partnership (general or
limited), citation may be served on any general partner of the partnership.  Tex. Civ. Prac. & Rem. Code Ann. ' 17.022 (Vernon 1997); Tex. Rev. Civ. Stat. Ann. art. 6132a-1,
' 1.08(a) (Vernon Supp. 2006).  The
Texas Revised Partnership Act thus provides that, although a judgment against a
partnership is not itself a judgment against any partner, Aa judgment may be entered against a
[general] partner who has been served with process in a suit against a
partnership.@  Tex. Rev. Civ. Stat. Ann.
art. 6132b-3.05(c) (Vernon Supp. 2006).[6]  The Texas
Civil Practice and Remedies Code reiterates, A[c]itation served on one member of a
partnership authorizes a judgment against the partnership and the partner
actually served.@  Tex. Civ. Prac.
& Rem. Code Ann. ' 17.022.

The only Texas appeals court decision
that has addressed this issue interpreted sections 3.05(c) and 17.022 to mean
that a partner served with process in a suit against the partnership could be
held individually liable even though he was not named or served individually
with process as a defendant in the suit:

Partners who are served are on notice
that they will be personally liable for any judgment entered against the
partnership.  Their liability is derivative, and they need not be named as
defendants individually.  This is the plain meaning of the language of these
statutes.

[Therefore,]
[w]e hold that Fincher, although not named as a defendant individually, when
served as general partner for Yellow Ribbon, was before the trial court in his
capacity as general partner and, once the partnership liability was
established, a judgment could be taken against him individually.








See Fincher v. B & D Air
Conditioning & Heating Co., 816 S.W.2d 509, 512B13 (Tex. App.CHouston [1st Dist.] 1991, writ
denied).[7]  We agree
that this is the plain meaning of sections 3.05(c) and 17.022.  To instead
construe them as requiring a partner to be separately sued and served
individually in order to be held personally liable would: (1) ignore the
language of section 3.05(c) authorizing a judgment against the Apartner who has been served with
process in a suit against the partnership@; and (2) further render sections
3.05(c) and 17.022 mere surplusage because if that had been the intended
result, it was already provided under existing law without these statutes, and
their enactment would have thus been unnecessary.[8]








Despite a dissent[9]
raising the same concerns as the dissent in this case, not only did the Texas
Supreme Court decline review of Fincher (or to since disapprove it), but
section 3.05(c) has since been reenacted as section 152.306(a) of the Business
Organizations Code.  See Tex.
Bus. Orgs. Code Ann. ' 152.306(a) (Vernon 2006).[10] 
Where, as here, a statute has been interpreted by a court of last resort and
reenacted without substantial change, the Legislature is presumed to have been
familiar with that interpretation and to have adopted it.  Tex. Dep=t of Protective & Regulatory
Servs. v Mega Child Care, Inc., 145 S.W.3d 170, 176 (Tex. 2004).  Under these
circumstances, we have no legal authority, rationale, or other proper basis to
depart from the interpretation in Fincher.

In this case, Young=s petition asserted a claim against
Kao Holdings, identifying it as Aa partnership based in Texas, [that]
may be served with process pursuant to section 17.022 . . . by serving William
Kao, a partner of said partnership.@[11]  The citation was addressed ATO: KAO HOLDING L P BY SERVING
WILLIAM KAO,@ and the officer=s return on the citation shows that service was made on AWilliam Kao.@  Thus, although Kao was not
separately named or served as a defendant individually, his being served as a
general partner of Kao Holdings brought him into the suit in his individual
capacity as general partner; and a judgment against the partnership could be
entered against him individually as well.[12] 
Appellants= second issue is therefore overruled.

 

 








Motion for Default Judgment

Appellants= third issue claims that error is
apparent on the face of the record because the trial court entered a default
judgment against Kao Holdings even though Young=s motion for default judgment was
directed only to Kao and did not ask for a judgment against Kao Holdings.

Upon call of the docket, the court
may grant a default judgment upon request if no answer is on file and the
citation has been on file with the clerk for ten days.  See Tex. R. Civ. P. 238, 239.  There is no
requirement to file a written motion in order to secure a default judgment.  See
id.  Because Young was not required to file a motion for default
judgment against Kao Holdings, the lack of such a motion fails to demonstrate
error on the face of the record, and appellants= third issue is overruled. 
Accordingly, we: (1) reverse the portion of the trial court=s judgment awarding damages and
interest to Young and remand it for further proceedings;[13]
(2) and affirm the remainder of the judgment.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed November 21, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.  (Frost, J., dissenting).









[1]           To prevail on a restricted appeal,
appellants must establish that: (1) they filed notice of the restricted appeal
within six months after the judgment was signed; (2) they were parties to the
underlying lawsuit; (3) they did not participate in the hearing that resulted
in the judgment complained of and did not timely file any post‑judgment
motions or requests for findings of fact and conclusions of law; and (4) error
is apparent on the face of the record. Alexander v. Lynda's Boutique,
134 S.W.3d 845, 848 (Tex. 2004).  Satisfaction of the first three requirements
is undisputed: (1) appellants filed their notice of restricted appeal on March
21, 2005, less than six months after the default judgment was entered on
January 10, 2005; (2) Kao Holdings and Kao were parties to the underlying suit
(in addition to being named in the judgment, Kao=s status as a party is discussed in issue two); and (3) the record does
not reflect that they participated in the default judgment hearing or filed a
post‑judgment motion on the merits or a request for findings of fact and
conclusions of law.  Therefore, we address only the fourth requirement, error
on the face of the record.





[2]           A claim is unliquidated if it is not proved
by a written instrument such that the amount of damages can be accurately
calculated by the trial court from the instrument and the factual allegations
in the plaintiff's petition.  See Tex.
R. Civ. P. 241, 243; Atwood v. B & R Supply & Equip. Co.,
52 S.W.3d 265, 268 (Tex. App.CCorpus Christi 
2001, no pet.); Abcon Paving, Inc. v. Crissup, 820 S.W.2d 951, 953 
(Tex. App.CFort Worth  1991, no writ); see also Aguilar v.
Livingston, 154 S.W.3d 832, 835 n.5 (Tex. App.CHouston [14th Dist.] 2005, no pet).





[3]           This must include evidence of the Acausal nexus@
between the event sued upon and the plaintiff=s damages because, by the default, the defendant admits only that it
caused the event that led to the suit, not that there exists a connection
between the event and the alleged damages.  Morgan v. Compugraphic Corp.,
675 S.W.2d 729, 732 (Tex. 1984).





[4]           The medical records and other documents
Young provides in the appendix to her brief are not contained in our record and
thus cannot be considered by this court.  WorldPeace v. Comm=n for Lawyer Discipline, 183 S.W.3d 451, 465 n.23 (Tex. App.CHouston [14th Dist.] 2005, pet. denied); see also
Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex. 2001).





[5]           Other than failing to separately name and
serve him individually, Kao does not challenge any other aspects of the service
or return of citation.





[6]           Neither section 3.05(c) nor 17.022
distinguish between a general partnership and limited partnership, and the
Texas Revised Partnership Act applies to limited partnerships as to matters not
covered by the Texas Revised Limited Partnership Act.  See Tex. Rev. Civ. Stat. Ann. art. 6132a-1,
Source and Comment - Bar Committee (Vernon Supp. 2006); id. ' 13.03(a).  A general partner of a limited partnership
has the same liability to persons outside the partnership as a partner in a
general partnership, which is joint and several liability for all debts and
obligations of the partnership.  Tex.
Rev. Civ. Stat. Ann. arts. 6132a-1, '
4.03(b), 6132b-3.04 (Vernon Supp. 2006).  It logically follows that in a suit
against a limited partnership, as in this case, a judgment entered against the
limited partnership, although it is not itself a judgment against a general
partner, may also be entered against a general partner who was served with
process.  See Tex. Civ. Prac. & Rem. Code Ann. ' 17.022; Fincher v. B & D Air Conditioning
& Heating Co., 816 S.W.2d 509, 512 (Tex. App.CHouston [1st Dist.] 1991, writ denied); see also
Tex. Civ. Prac. & Rem. Code Ann.
' 31.003 (Vernon 1997); Tex. Rev. Civ. Stat. Ann. arts. 6132a-1, ' 1.08 cmt., 6132b-3.05(c).





[7]           Decisions in other jurisdictions have
varied on this issue. See Southcom Group, Inc. v. Plath, 570 S.E.2d 341,
342B43 (Ga. Ct. App. 2002); Foster Lumber Co. v. Glad,
303 N.W.2d 815, 816 (S.D. 1981); 19 Robert
W. Hamilton, Texas Practice: Business Organizations '' 8.9, 8.10 (Supp. 2005); 17 Am. Jur 2d Partnership
'' 468, 495 (2003).  See generally Steven A.
Waters & Felicity A. Fowler, Partnerships, 46 SMU L. Rev. 1631, 1644B45
(1993); Larry J. Simmons, Note, Fincher
v. B & D Air Conditioning & Heating Co.: Personal Liability of Partners not
Named as Defendants, 45 Baylor L.
Rev. 759 (1993).  But see Lava Shadows, Ltd. v. Johnson,
915 P.2d 331, 334 (N.M. Ct. App. 1996); Somer & Wand, P.C. v. Rotondi,
219 A.D.2d 340, 344 (N.Y. App. Div. 1996); Fazzi v. Peters, 440 P.2d
242, 247 (Cal. 1968).





[8]           See, e.g., State v. Shumake,
199 S.W.3d 279, 286B87 (Tex. 2006).





[9]           See 816 S.W.2d at 514B15.  Both dissents are premised on the notion that the
partner was not individually sued or served.  On the contrary, however,
sections 3.05(c) and 17.022 provide that, by being served with a suit against
the partnership, each partner is thereby individually sued and served. 
Kao has not challenged these provisions as unconstitutionally vague.  He is
therefore charged with knowledge of their content.  See, e.g., N.
Laramie Land v. Hoffman, 268 U.S. 276, 283 (1925); Greater Houston
Transp. Co. v. Phillips, 801 S.W.2d 523, 525 n.3 (Tex. 1990).  Thus, rather
than violating Rule 239, as the dissent contends, these provisions are either a
manner of complying with that rule or an exception to it.





[10]         Because it went into effect on January 1,
2006, the Business Organizations Code does not govern this dispute, which was
filed in 2004 and in which the judgment was entered in 2005.





[11]         The dissent contends that the petition does
not allege that Kao is a general partner.  However, a limited partnership may
be served with process only by serving a general partner or registered agent.  Tex. Rev. Civ. Stat. Ann. art. 6132a-1,
' 1.08(a).  Therefore, by stating that Kao is a partner
on whom process may be served on behalf of the limited partnership, the
petition is thereby necessarily alleging that he is a general partner.  By
entry of the default judgment, this allegation is deemed admitted.  Holt
Atherton, 835 S.W.2d at 83.

 

The dissent
also incorrectly states that our record contains an affidavit in which Kao
states that he is the vice president of Bellevue Properties, L.L.C., the
general partner of Kao Holdings.  Evidence not before a trial court prior to
final judgment may not be considered in a restricted appeal.  Alexander,
134 S.W.3d at 848B49.  Because it was a supplemental exhibit to Kao
Holdings=s post-judgment motion to waive or reduce supersedeas
bond (and filed over two months after judgment was entered and thus after the
court=s plenary power to vacate or modify the judgment had
expired) this affidavit is extrinsic evidence that was not before the trial
court and that we may thus not consider.  Id.





[12]         See
Tex. Rev. Civ. Stat. Ann. arts. 6132b-3.04, -3.05(c); see also
Tex. Civ. Prac. & Rem. Code Ann.
' 17.022; Fincher, 816 S.W.2d at 513.





[13]         If a no‑evidence point is sustained on
appeal as to unliquidated damages awarded in a no‑answer default
judgment, the appropriate disposition is to remand for a new trial on the issue
of unliquidated damages.  Holt Atherton Indus., 835 S.W.2d at 86; Morgan,
675 S.W.2d at 734.