KAO HOLDINGS, L.P., d/b/a Sebring
Apartments and William Kao,
Petitioners,

v.

Annie Lee YOUNG, Respondent.

No. 07–0197.

Supreme Court of Texas.

June 13, 2008.

Rehearing Denied Sept. 26, 2008.

Ruth Ellen Piller, Michael S. Hays, Hays McConn Rice & Pickering, P.C., Houston, TX, for Petitioner.

Ricky Anderson, Melvin Houston, Edith Marie Jamison, Melvin Houston & Associates, Eric Terrell McFerren, Anderson & Smith, PC, Houston, TX, for Respondent.

Justice HECHT delivered the opinion of the Court.

This is a restricted appeal [1] from a $2.5 million default judgment against petitioners Kao Holdings, L.P., a Texas limited partnership, and its general partner, William Kao. Respondent Annie Young sued Kao Holdings for damages, alleging that it owned the Sebring Apartments where she was living when she fell in the laundry room and injured her hip. Young did not sue Kao individually but served the partnership by serving him. [2] When Kao Holdings did not answer, Young filed a motion for default judgment stating that "Defendant, William Kao was properly and personally served" and had not answered. The motion requested "a default judgment granting the relief requested in Petitioner's Original Petition." After a hearing, of which we have no record, the court rendered judgment.

The court of appeals affirmed the liability portion of the judgment, holding that judgment against Kao individually was proper, even though he was not a party, because he was Kao Holdings' general partner and the person to whom citation to the partnership was delivered. [3] But the court reversed the damages award because it was unliquidated and Young had offered no evidence to support it and remanded the case for further proceedings. [4] Justice Frost dissented, arguing that judgment against Kao individually was improper. [5] Young did not seek review in this Court.

Kao argues that judgment could not be rendered against him individually when he was neither named nor served as a party. We have held that "[j]udgment shall not be rendered against one who was neither named nor served as a party defendant [and did not waive] service by making a general appearance before the court." [6] Although that principle is surely founded in fundamental concepts of due process, we cited as authority Rule 124 of the Texas Rules of Civil Procedure, which states that "[i]n no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, *except where otherwise provided by law* or these rules."

---

1. Tex.R.App. P. 30.

2. *See* Tex. Civ. Prac. & Rem.Code § 17.022.

3. 214 S.W.3d 504, 509 (Tex.App.-Houston [14th Dist.] 2006).

4. *Id.* at 507, 510.

5. *Id.* at 510 (Frost, J. dissenting).

6. *Werner v. Colwell,* 909 S.W.2d 866, 869–870 (Tex.1995).

(Emphasis added.) Young argues, and the court of appeals agreed, that two statutes "otherwise provided" for judgment against Kao: section 17.022 of the Texas Civil Practice and Remedies Code, which states, "[c]itation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served"; and section 3.05(c) of the Texas Revised Partnership Act,[7] which states, "[a] judgment against a partnership is not by itself a judgment against a partner, but a judgment may be entered against a partner who has been served with process in a suit against the partnership". Neither of these provisions allows for rendition of judgment against a partner who has not been sued.

■ The court of appeals construed section 17.022 to apply to an action against a partnership, so that, restated, it provides: *In a suit against a partnership*, citation served on the partnership by delivery to one of its members authorizes judgment against both the partnership and that member. But section 17.022 dates to 1858,[8] decades before a partnership was recognized as an entity that could be sued.[9] The purpose of the statute was not

7. TEX.REV.CIV. STAT. ANN. art. 6132b–3.05(c) (Vernon Supp.2007). A parallel provision was adopted in TEX. BUS. ORGS.CODE § 152.306(a). Act of May 26, 2003, 78th Leg., R.S., ch. 182, § 1, 2003 Tex. Gen. Laws 267, 517 (effective Sept. 1, 2005). The court of appeals believed that art. 6132b–3.05(c) applies to limited partnerships as well as general partnerships, 214 S.W.3d at 508 n. 6, and, for purposes of this case, we assume that it does.

8. The provision was first enacted in 1858 and recodified in 1879, 1911, 1925, and 1985. *See* Act approved Feb. 5, 1858, 7th Leg., R.S., ch. 92, § 2, 1858 Tex. Gen. Laws 110 ("Where suit is instituted against a partnership, service or process upon one of the partners shall be sufficient notice to all the members of the firm, except that the judgment rendered in case of such service, shall only be enforced against the partnership property, and the separate property of the partner who may have been served."); TEX.REV.CIV. STAT. art. 1224 (1879) ("In suits against partners the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served."); TEX. REV.CIV. STAT. art. 1863 (1911) ("In suits against partners, the citation may be served upon one of the firm; and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served."); TEX.REV.CIV. STAT. art. 2033 (1925) ("Citation served upon one member of a partnership or firm shall be sufficient to authorize a judgment against the firm and the partner

actually served."); Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3261 (enacting current TEX. CIV. PRAC. & REM.CODE § 17.022).

9. Although the 1858 statute referred to "suit ... instituted against a partnership", we stated in *Frank v. Tatum*:

It is a general rule that suits in courts can only be maintained by and against persons natural or artificial; that is, individuals or corporations. Unless otherwise provided by statute, a copartnership is not considered a person, and must sue and be sued by its members. .... The rule that a copartnership must sue or be sued by its members is so universally recognized that there is no need for discussion.

87 Tex. 204, 25 S.W. 409, 409–410 (1894) (citations omitted). The 1858 enactment obviously intended to reference suits *to recover* against a partnership, which, as the later codifications made clear, were really "suits against partners". Tex.Rev.Civ. Stat. art. 1224 (1879). In *M Sys. Stores, Inc. v. Johnston*, 124 Tex. 238, 76 S.W.2d 503, 504 (1934), we reiterated that "a partnership is not a legal entity, like a corporation". Much later, in *Haney v. Fenley, Bate, Deaton & Porter*, 618 S.W.2d 541, 542 (Tex.1981), we observed that "after the adoption of the Texas Uniform Partnership Act, Tex.Rev.Civ. Stat. Ann. art. 6132b, effective January 1, 1962, a partnership was recognized as an entity legally distinct from its partners for most purposes." *See also* TEX.R. CIV. P. 28 ("Any partnership ... may sue or be sued in its partnership, assumed or common name

to allow judgment against a partner served in a suit against a partnership, but to allow judgment against partnership property in a suit against a partner. In effect, the statute provides: *In a suit against a partner*, citation served on that partner authorizes judgment against the partnership as well. This is consistent with the law, then and now, that a partnership is liable for acts of a partner done with authority or in the ordinary course of the partnership's business.[10] Thus, section 17.022 does not support a judgment against Kao individually.

▪ The purpose of article 6132b–3.05(c) is not as clear. It was enacted in 1993 as part of the Texas Revised Partnership Act.[11] There was no similar provision in TRPA's predecessor, the Texas Uniform Partnership Act adopted in 1961,[12] or in the Uniform Partnership Act of 1914, on which TUPA was modeled. TRPA was the product of a committee of the State Bar of Texas, drawing on the work of a committee of the American Bar Association[13] and the National Conference of Commissioners on Uniform State Laws, which had resulted in a draft in 1992 that became the Uniform Partnership Act of 1997.[14] The 1997 UPA contained the following provision:

> A judgment against a partnership is not by itself a judgment against a partner. A judgment against a partnership may

not be satisfied from a partner's assets unless there is also a judgment against the partner.[15]

A comment to the provision explains:

> Subsection (c) provides that a judgment against the partnership is not, standing alone, a judgment against the partners, and it cannot be satisfied from a partner's personal assets unless there is a judgment against the partner. Thus, a partner must be individually named and served, either in the action against the partnership or in a later suit, before his personal assets may be subject to levy for a claim against the partnership.[16]

The first sentence of section 307(c) is identical to the first clause of article 6132b–3.05(c), but the second sentence and second clause are completely different. The only explanation for the latter in TRPA's legislative history is a comment appended to the provision that merely tracks its language:

> Subsection (c) provides that a judgment against the partnership is not, standing alone, a judgment against any of the partners, but that a judgment may be entered against any partner who has been served in the same suit.[17]

The second clause of article 6132b–3.05(c) may have been intended to incorporate section 17.022, in which case the

---

for the purpose of enforcing for or against it a substantive right...").

**10.** *See* Tex.Rev.Civ. Stat. Ann. art. 6132b–3.03(a) (Vernon Supp.2007). We express no view on whether the partnership must also be sued as a separate entity.

**11.** Act of May 31, 1993, 73rd Leg., R.S., ch. 917, § 1, 1993 Tex. Gen. Laws 3887, 3893.

**12.** Act of May 9, 1961, 57th Leg., R.S., ch. 158, 1961 Tex. Gen. Laws 289, *expired* January 1, 1999, Act of May 31, 1993, 73rd Leg., R.S., ch. 917, 1993 Tex. Gen. Laws 3887.

**13.** *See* UPA Revision Subcomm. of the Comm. on P'ships and Unin. Bus. Orgs., *Should the Uniform Partnership Be Revised?*, 43 Bus. Law. 121 (1987).

**14.** Tex.Rev.Civ. Stat. Ann. art. 6132b cmt. (Vernon Supp.2007) (Comment of the Bar Committee 1993).

**15.** Unif. P'Ship Act § 307(c) (1997).

**16.** *Id.* § 307(c) cmt.

**17.** Tex.Rev.Civ. Stat. Ann. art. 6132b–3.05 cmt. (Vernon Supp.2007).

meaning of the second clause would be the same as section 17.022. But we have no way of knowing whether that was the intent. Viewing article 6132b–3.05(c) in isolation, its purpose appears to be to make clear that while partners are generally liable for the partnership's obligations,[18] a judgment against the partnership is not automatically a judgment against the partner, and that judgment cannot be rendered against a partner who has not been served merely because judgment has been rendered against the partnership. The purpose of the provision is to state that service is necessary, not that it is sufficient. Partners against whom judgment is sought should be both named and served so that they are on notice of their potential liability and will have an opportunity to contest their personal liability for the asserted partnership obligation. Article 6132b–3.05(c) does not support a judgment against Kao individually.

The court of appeals relied on *Fincher v. B & D Air Conditioning & Heating Co.*,[19] a 1991 court of appeals decision, but *Fincher* is distinguishable on its facts. The named defendants in that case were a partnership and one of its general partners, William R. Fincher, trustee.[20] The other partner, also William R. Fincher, but in his individual capacity, was not named as a party.[21] The partnership was served by delivering the citation to Fincher, and he was served as trustee.[22] Fincher answered only as trustee, not individually,

and at trial he made clear that he was appearing only as trustee.[23] But toward the end of the trial, the plaintiff argued that it had become clear that Fincher's liability was no different, whether as an individual or as trustee.[24] After the trial concluded, the plaintiff moved for a trial amendment naming Fincher individually as a defendant.[25] Fincher objected, asserting prejudice, but he made no actual showing of prejudice.[26] The trial court granted the motion and rendered judgment against the partnership, Fincher as trustee, and Fincher individually.[27] The court of appeals affirmed, holding that the trial court did not abuse its discretion by allowing the trial amendment because all the partners were by statute liable for the partnership obligation.[28] The court also held that because Fincher had been served, section 17.022 permitted judgment to be rendered against him.[29]

For reasons already explained, we do not agree with the *Fincher* court's construction of section 17.002, nor do we agree that judgment could be rendered against Fincher merely because he was liable as a partner for partnership obligations. But certainly the court's conclusion that the trial amendment should have been allowed was correct, given no showing of prejudice by Fincher, who participated fully in the trial and whose liability individually was shown to be coextensive with his liability as trustee.

18. *See id.* art. 6132b–3.04.

19. 816 S.W.2d 509 (Tex.App.-Houston [1st Dist.] 1991, writ denied).

20. *Id.* at 511.

21. *Id.*

22. *Id.*

23. *Id.*

24. *Id.*

25. *Id.* at 511–512.

26. *Id.* at 512.

27. *Id.*

28. *Id.* at 513.

29. *Id.* at 512.

Rule 239 of the Texas Rules of Civil Procedure provides for default judgment only against "a defendant".[30] Kao was not a defendant. Rule 301 requires that "[t]he judgment of the court shall conform to the pleadings". Young pleaded no claim against Kao. For these additional reasons, default judgment against Kao was improper. Kao has not argued that rendition of a default judgment against him would violate due process, and therefore we express no opinion on that subject.

Kao Holdings argues that default judgment against it was improper because Young's motion mentioned only Kao as a defendant. But the motion asked for judgment for the relief sought in the petition, and that relief was against Kao Holdings. Moreover, Young's motion did not preclude her from orally requesting judgment against Kao Holdings at the hearing.

Because the default judgment against Kao must be reversed, we grant the petition for review and without hearing oral argument,[31] modify the court of appeals' judgment accordingly. The judgment, as modified, is affirmed, and the case is remanded to the trial court for further proceedings.

---

30. Tex.R. Civ. P. 239 ("Upon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107.").

31. Tex.R.App. P. 59.1.