# NO. 12-15-00087-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EXCO OPERATING COMPANY, LP,* *APPELLANT* | § | *APPEAL FROM THE 115TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MARY K. MCGEE,* *APPELLEE* | § | *UPSHUR COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Exco Operating Company, LP appeals the trial court's award of attorney's fees against it in favor of Appellee Mary K. McGee. In three issues, Exco argues that there is insufficient evidence to support the award of attorney's fees, the award was excessive, and, alternatively, there is no proof that the attorney's fees were reasonable and necessary. We reverse and render.

### BACKGROUND

On June 24, 2009, McGee filed the instant suit against Exco for breach of a mineral lease. By her suit, McGee sought to recover surface damages for injury to her real property resulting from Exco's drilling a gas well on it. A jury awarded McGee $4,108.25. By agreement of the parties, the issues of McGee's entitlement to attorney's fees and the amount due, if any, were submitted to the trial court. Ultimately, the trial court awarded McGee $39,773.75 in attorney's fees. Exco filed a motion for new trial, which was overruled as a matter of law. This appeal followed.

## AWARD OF ATTORNEY'S FEES TO A PARTNERSHIP

In its third issue,[1] Exco argues that there is legally insufficient evidence to support McGee's recovery of attorney's fees. Specifically, Exco argues that McGee cannot recover attorney's fees from it because Exco is a limited partnership.

## Preservation of Error

As a general rule, an appellant must first complain to the trial court by a timely request, objection, or motion and obtain a ruling as a prerequisite for appellate review of that complaint. *See* TEX. R. APP. P. 33.1(a). But the general rule does not apply to complaints about the sufficiency of the evidence in a bench trial. *See* TEX. R. APP. P. 33.1(d); *Watts v. Oliver*, 396 S.W.3d 124, 132 (Tex. App.–Houston [14th Dist.] 2013, no pet.) (construing issue raised for first time on appeal concerning opposing party's entitlement to attorney's fees as legal sufficiency challenge); *see also Office of Atty. Gen. of Tex. v. Burton*, 369 S.W.3d 173, 175 (Tex. 2012). Here, the issue of attorney's fees was tried to the court, and Exco categorizes its third issue as legal sufficiency of the evidence. Accordingly, we conclude that Exco may raise this legal sufficiency issue for the first time on appeal. *See Watts*, 396 S.W.3d at 132.

## Standard of Review

Even though the ordinary standard of review for a trial court's award of attorney's fees is abuse of discretion, we may nevertheless review a fee award for sufficiency of the evidence. *See Cordova v. Sw. Bell Yellow Pages, Inc.*, 148 S.W.3d 441, 446 (Tex. App.–El Paso 2004, no pet.); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991); *see also Watts*, 396 S.W.3d at 132 (construing challenge to party's entitlement to statutory attorney's fees as legal sufficiency challenge).

Findings of fact in a bench trial have the same force and dignity as a jury's verdict upon questions and are reviewed for legal and factual sufficiency of the evidence by the same standards. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex.1996); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). We review the trial court's legal conclusions de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

---

[1] Exco raised this issue in its supplemental brief. We may permit a party to amend or supplement a brief "whenever justice requires." TEX. R. APP. P. 38.7. In the instant case, Exco sought and was granted leave to file its supplemental brief. It filed its supplemental brief seven weeks prior to the argument and submission of this case. The issue raised is not complex. McGee had ample time to formulate a written response, which she filed well in advance of submission. Accordingly, we conclude that our consideration of Exco's third issue is in the interest of justice. We note, however, that our decision to do so is based on the unique facts before us.

When reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827.

The evidence is legally sufficient if it would enable a reasonable and fair minded person to reach the verdict under review. *Id.* There is "no evidence" or legally insufficient evidence when (a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810; *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). The fact finder is the sole judge of witness credibility and the weight to give testimony. *See City of Keller*, 168 S.W.3d at 819.

**Governing Law**

It is well established that, as between litigants, a prevailing party cannot recover its attorney's fees from an opposing party unless permitted by statute or by contract between the parties, and that "[a]n award of attorney's fees may not be supplied by implication but must be provided for by the express terms of the statute in question." *See Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011); *BASF Fina Petrochemicals Ltd. P'ship v. H.B. Zachry Co.*, 168 S.W.3d 867, 872 (Tex. App.–Houston [1st Dist.] 2004, pet. denied). Here, McGee sought to recover attorney's fees pursuant to Texas Civil Practice and Remedies Code, Section 38.001, which provides that a "person" may recover attorney's fees from "an individual or corporation" for a claim under an oral or written contract. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015). However, a person may not recover attorney's fees under this section against a partnership. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 576 (Tex. App.–Houston [14th Dist.] 2014, pet. denied).

**Analysis**

In the instant case, the trial court concluded that, "[b]y statute, [McGee] is entitled to recovery of attorney's fees." To do so, the trial court implicitly found that Exco was either an

"individual" or a "corporation."[2]  But it is undisputed that Exco is a limited partnership.[3]  Thus, McGee was not entitled to recover attorney's fees from it pursuant to Section 38.001(8).  *See Fleming & Assocs.*, 425 S.W.3d at 576.  Therefore, since there is a complete absence of evidence of a vital fact, i.e., that Exco is either an "individual" or a "corporation," the evidence is legally insufficient to support the trial court's implied finding of that fact.  *See City of Keller*, 168 S.W.3d at 810.  Exco's third issue is sustained.[4]

## DISPOSITION

Having sustained Exco's third issue, we *reverse* the trial court's judgment and *render* judgment that McGee take nothing on her claim for attorney's fees against Exco.

GREG NEELEY
Justice

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[2] When the trial court's findings of fact address a ground of recovery or defense, but inadvertently omit an essential element, we may infer the omitted element pursuant to Texas Rule of Civil Procedure 299 because the judgment is presumed valid.  *See* TEX. R. CIV. P. 299; *Hailey v. Hailey*, 176 S.W.3d 374, 383–84 (Tex. App.–Houston [1st Dist.] 2004, no pet.); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251–53 (Tex. App.–Houston [14th Dist.] 1999, pet. denied).

[3] *See* TEX. R. CIV. P. 93(5); *Washburn v. Krenek*, 684 S.W.2d 187, 191 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.) (failure to deny partnership status by verified denial results in admission of existence of partnership, which cannot be controverted at trial).  Here, McGee alleged that Exco was a limited partnership, and Exco did not file a verified denial of its partnership status.

[4] Because we have sustained Exco's third issue, we do not address its first and second issues.  *See* TEX. R. APP. P. 47.1.

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST , 2016**

**NO. 12-15-00087-CV**

**EXCO OPERATING COMPANY, LP,**
Appellant
V.
**MARY K. MCGEE,**
Appellee

---

Appeal from the 115th District Court

of Upshur County, Texas (Tr.Ct.No. 369-09)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in the judgment as entered by the trial court below and that the same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court in favor of Appellee, **MARY K. MCGEE**, be, and the same is, hereby **reversed** and judgment is **rendered** that Appellee, **MARY K. MCGEE**, take nothing on her claim for attorney's fees against **EXCO OPERATING COMPANY, LP**. All costs in this cause expended in this court be, and the same are, hereby adjudged against the Appellee, **MARY K. MCGEE**, for which let execution issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*