**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 09-40227
Summary Calendar

RANDALL P CRANE; TONI CRANE,

Plaintiffs - Appellants

v.

SAMSON RESOURCES COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CV-64

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal without arguable merit from the district court's take-nothing judgment. We AFFIRM.

I.

Samson Lone Star ("SLS") is a limited partnership that performed a seismic survey on Appellants' property in Texas in anticipation of drilling for minerals beneath the property. SLS never ended up drilling on the property, but

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it allegedly damaged the surface roads and vegetation while conducting the survey. SLS is not and has never been a party to this suit. However, at the time of the survey, Appellee was a general partner of SLS. Appellants seek to recover damages allegedly caused by Appellee and SLS to the surface property during the survey. Appellants' direct claims against SLS based on Appellants' status as surface landowners failed in a separate state court action. Subsequently, all independent and derivative claims against Appellee failed in this action.

## II.

### 1. Appellee's liability on the contract.

Appellants argue that they are entitled to damages for breach of contract. The contract in question governed the mining of mineral rights under Appellants' property between SLS and the mineral-right lessors. Neither Appellants nor Appellee in its individual capacity are parties to this contract. Appellants purchased the right to sue on the contract from the mineral-right lessors after SLS conducted the survey. The district court denied Appellants all relief for its claims based on the contract, holding that the contract contains a condition precedent which had to occur before the lessors could seek damages to the surface property. Specifically, the district court held that the contract required SLS to actually start drilling for minerals before it incurred a duty to repair or a duty to pay for damages to the surface property. Because SLS never drilled, the district court held that Appellee could not be liable for breach of contract. Appellants argue on appeal that the district court's interpretation of the contract is incorrect.

We do not need to interpret the contract to resolve this dispute. Appellants' breach-of-contract claim is an action against Appellee's assets to satisfy an obligation of the partnership. However, under Texas law, Appellants may only seek relief from a general partner for actions taken by the partnership

when they have also obtained an unsatisfied judgment against the partnership. Having failed to do this, Appellants' claims fail as a matter of law.

As a general partner of SLS, Appellee's liability is governed by the Texas Revised Partnership Act ("TRPA") and the Texas Revised Limited Partnership Act ("TRLPA"). *See* TEX. REV. CIV. STAT. ANN. § 6132b-1.01 et seq. (Vernon 1994) (TRPA); art. 6132a-1, § 1.01 et seq. (TRLPA); *see also* art. 6132a-1, § 4.03 (applying the TRPA to general partners of a limited partnership). Under the TRPA, "[a]n action may be brought against a partnership and any or all of the partners in the same action or in separate actions." § 6132b-3.05(b). Moreover, "all partners are liable jointly and severally for all debts and obligations of the partnership unless otherwise agreed by the claimant or provided by law." § 6132b-3.04.

Nevertheless, a partnership remains "an entity distinct from its partners." § 6132b–2.01. As a distinct entity, "a partnership has the same powers as an individual or corporation to do all things necessary or convenient to carry out its business and affairs, including the power to . . . sue and be sued [and] make contracts and guarantees [and] incur liabilities[.]" § 6132b–3.01. Therefore, "[a] judgment against a partnership is not by itself a judgment against a partner . . . ." § 6132b–3.05(c); *see also Kao Holdings, L.P. v. Young*, 261 S.W.3d 60, 64 (Tex. App. 2008). One may seek judgment from a partner for actions that partner took on behalf of the partnership without first seeking judgment from the partnership if that partner is individually liable on the claim. *See* § 6132b-3.05(e);[1] *Reagan v. Lyberger*, 156 S.W.3d 925, 928-29 (Tex. App. 2005). However, a claimant cannot seek damages from a general partner's assets for

---

[1] A claimant may proceed "directly against one or more partners or their property without first seeking satisfaction from partnership property if: . . . (4) liability is imposed on the partner by law independently of the person's status as a partner." § 6132b-3.05(e).

liabilities incurred solely by the partnership without also obtaining a judgment against the partnership. *See* § 6132b-3.05(d).[2]

In the instant case, Appellants assert that their breach-of-contract claim against Appellee is "not against a 'partner'" but is really "against the partnership."[3] In addition, Appellants state they have sued Appellee as "general partner in its partnership capacity." Indeed, this is the only type of breach-of-contract claim available in this case, as Appellee is not a party to the contract and thus cannot be liable on the contract except in its capacity as general partner. Because Appellants are only suing Appellee in its capacity as general partner for SLS's breach of contract, and because SLS is not a party to this suit, we must construe Appellant's breach-of-contract claim as an action against Appellee's assets to satisfy an obligation of the partnership. However, there is no judgment against SLS for breach of contract which a judgment against Appellee could satisfy. Accordingly, Appellants' breach-of-contract claim against Appellee as a general partner for SLS's obligations on the contract fails as a matter of law.

---

[2] § 6132b-3.05(d) states in relevant part:

a creditor may proceed against one or more partners or their property to satisfy a judgment based on a claim that could have been successfully asserted against the partnership only if:
   (1) a judgment is also obtained against the partner; and
   (2) a judgment based on the same claim is obtained against the partnership that:
   (A) has not been reversed or vacated; and
   (B) remains unsatisfied for 90 days after:
   (i) the date of entry of the judgment; or
   (ii) the date of expiration or termination of the stay, if the judgment is contested by appropriate proceedings and execution on the judgment has been stayed.

[3] Appellants later argue in their brief that this case is against both Appellee and SLS. However, this is factually impossible, as SLS is not and never has been a party to this suit. Inexplicably, Appellants also repeatedly refer to SLS as a limited partner of Appellee. This, too, is factually impossible, as Appellee is a corporation.

### 2. Appellee's individual liability.

In addition to their breach-of-contract claim, Appellants argue that a question of fact remains as to whether Appellee is independently liable for the manner in which the survey was conducted. While not stated specifically, this argument appears to be an attempt to resuscitate Appellants' claim for trespass or for negligence. However, inasmuch as Appellee was involved in the actual survey, it was acting in its role as agent for SLS. Indeed, under Texas law, a limited partnership may act only through its general partner. *See Nw. Otolaryngology Assocs. v. Mobilease, Inc.*, 786 S.W.2d 399, 404 (Tex. App. 1990). No evidence has been presented that Appellee was acting independent of its role as agent for SLS. Moreover, a state court has already found, and the district court has confirmed, that no claims for negligence or trespass survive against SLS for trespass or negligence. Accordingly, no liability can derivatively exist for Appellee. *See Shaw v. Kennedy, Ltd.*, 879 S.W.2d 240, 247-48 (Tex. 1994) (take-nothing judgment against partnership extinguishes derivative liability against general partners).

### III.

Appellants have failed to demonstrate how the district court erred in dismissing its claims. The district court's take-nothing judgment against Appellants is AFFIRMED.