**AMERICAN STAR ENERGY AND MINERALS CORPORATION,**
Appellant

v.

**Richard W. "Dick" STOWERS, Individually, Richard W. Stowers, Jr., Individually, Frank K. Stowers, Individually, and Linda Sue Jasurda, Individually, Appellees.**

No. 07–11–00199–CV.

Court of Appeals of Texas,
Amarillo.

May 14, 2013.

Dusty J. Stockard and Kenneth E. Weston, Amarillo, for Appellant.

John B. Atkins, Amarillo, Michael H. Loftin, Chris Aycock, Midland, for Appellees.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION

BRIAN QUINN, Chief Justice.

"All cats are gray in the dark." [1]

Contrary to popular belief, little in the law is black and white. Shades of gray latently course between and within the words written by legislators and judges. Those shades may spark hardy discussion among members of the legal community, or simply supply reason for the day's headache. Both effects were encountered here.

The dispositive issue before us concerns partnerships, partners therein, and the statute of limitations. We have been asked to decide if the trial court erred in concluding that American Star Energy and Minerals Corporation (American) waited too long before suing Richard "Dick" Stowers, Richard W. Stowers, Jr., Frank K. Stowers, and Linda Sue Jasurda (the Stowers), who were partners of S & J

Investments (S & J), a Texas general partnership.

American had recovered a judgment against S & J. When that judgment could not be satisfied through the assets of the partnership, the individual partners were then sued. No one disputes that the cause of action upon which judgment against S & J was founded accrued more than four years before the partners were sued individually. Nor does anyone deny that those same partners were sued individually well within four years of the date the judgment against the partnership was signed. And, while American asserted below that it acted timely by suing the partners within four years of the judgment's execution, the Stowers argued otherwise. They contended that they had to be sued within the same limitations period American had to commence an action against S & J. The trial court agreed with them, as does a majority here.

■ Our conclusion is based upon sections 152.304, 305 and 306 of the Texas Business Organizations Code. They state that "... all partners are jointly and severally liable *for all obligations of the partnership* ...," TEX. BUS. ORGS.CODE ANN. § 152.304(a) (West 2012), "[a]n action may be brought against a partnership and any or all of the partners in the same action or in separate actions," *id.* § 152.305 and, while a judgment against a partnership is not by itself a judgment against a partner, a "judgment may be entered against a partner who has been served with process in a suit against the partnership." *Id.* § 152.306(a). To the extent statute provides that individual partners are jointly and severally liable for partnership obligations, that individual partners may be sued in the same proceeding initiated against the partnership, and a judgment

---

1. J. Ponto.

may be entered against an individual partner who is a party in the same action initiated against the partnership, the majority must logically deduce that those same provisions recognize both the existence of a chose-in-action against the individual partners and its accrual at the same time the claim accrues against the partnership. Holding otherwise contradicts the general and longstanding truism that one cannot legitimately sue another before a cause of action accrues or is ripe. *See Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 144 Tex. 475, 191 S.W.2d 716, 721 (1945); *Spicewood Summit Office Condominiums Ass'n, Inc. v. America First Lloyd's Ins. Co.,* 287 S.W.3d 461, 465 (Tex.App.-Austin 2009, pet. denied). And, we cannot reasonably construe the foregoing provisions as evincing any type of legislative intent to reject that established legal truism. So, American was obligated to sue the partners of S & J (*i.e.* the Stowers) within the same limitations period it had to sue S & J, the partnership. Because, it did not, the trial court correctly held that limitations ran.

■ American would have us hold otherwise since it purported to sue upon the judgment entered against the partnership, not the claim upon which that judgment was founded. And since it commenced suit against the Stowers within four years from the judgment's execution, limitations allegedly barred nothing. Admittedly, two opinions appear to support that notion. The first, *In re Jones,* 161 B.R. 180, 183 (Bankr.N.D.Tex.1993), was rendered by a federal bankruptcy court located in Texas while the other, *Evanston Ins. Co. v. Dillard Dep't Stores, Inc.,* 602 F.3d 610, 617–

18 (5th Cir.2010) (per curiam), was rendered in per curiam format by the United States Court of Appeals for the Fifth Circuit. However, neither control since they neglected to address provisions of the Texas Business Organizations Code applicable here. One such provision is § 152.306(b). It provides the sole means by which a creditor may hold a partner responsible for partnership debt and mandates that the creditor may so hold the partner individually responsible "only if" a judgment is obtained against the partner and another is obtained against the partnership "based on the same claim...." Tex. Bus. Orgs. Code Ann. § 152.306(b)(1) & (2). In other words, the judgment against the partners must be founded upon the identical claim or cause of action giving rise to the judgment against the partnership. That statute says nothing about simply enforcing the latter judgment against the partners through a suit wherein the judgment forms the cause of action against the partners, as American attempted here.[2] Rather, the statute required American to sue the Stowers upon the same claim that it sued and recovered a judgment against S & J. It did not do that within the applicable limitations period.

Accordingly, the trial court's judgment is affirmed.

JAMES T. CAMPBELL, Justice, concurring.

The Court correctly affirms the trial court's take-nothing judgment, based on a limitations defense, in favor of appellees, the individual partners of S & J Investments, in the suit filed by appellant Ameri-

---

**2.** Incidentally, recovering a judgment merges the underlying cause of action into the judgment. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav.,* 837 S.W.2d 627, 628 n. 1 (Tex.1992). This suggests that the underlying cause of action goes away. *See* 50 C.J.S., Judgments § 705 (1997) (stating that as a general rule the recovery of a judgment "creates a new debt or liability, distinct from the original claim" and "is not merely the evidence of the creditor's claim, but is ... the substance of the claim itself").

can Star Energy and Minerals Corporation. I join the Court's judgment and its opinion, and write merely to address two points that seem important to me.

First, our Supreme Court's recent opinion in *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455 (Tex.2011) (orig. proceeding), does not require reversal of the trial court's judgment. To be sure, as *Allcat* noted, by the Texas Revised Partnership Act (TRPA), the Legislature "unequivocally embrace[d] the entity theory of partnership by specifically stating ... that a partnership is an entity distinct from its partners." *Id.* at 463 (quoting Tex.Rev. Civ. Stat. Ann. art. 6132b–2.01, (expired Jan. 1, 2010), Comment of Bar Committee—1993).[1] And to be sure, the joint and several liability[2] of partners for obligations of the partnership is an aggregate theory feature.[3] But, just as surely, both in the TRPA and in the current Business Organizations Code, the Legislature retained the joint and several liability of partners as a feature of Texas partnership law. *See* Tex.Rev.Civ. Stat. Ann. art. 6132b–3.04 (expired Jan. 1, 2010); Tex. Bus. Orgs.Code Ann. § 152.304(a) (West 2012).

The Court has referred, op. at 907, to the restrictions the Legislature has placed on the ability of a creditor to satisfy a judgment taken against a partner for an obligation of the partnership, restrictions that originated with the TRPA and have been maintained in the current Texas General Partnership Law.[4] *See* Tex.Rev.Civ. Stat. Ann. art. 6132b–3.05 (expired Jan. 1, 2010); Tex. Bus. Orgs.Code Ann. § 152.306 (West 2012).[5] The dissent sees in those restrictions, now contained in Business Organizations Code § 152.306(b),[6] a legislative intention to distinguish the cause of action against the partnership from that against the partner. Dissent op. at 914–15 (Pirtle, J., dissenting). I see no such intention expressed or

1. The Texas Uniform Partnership Act (TUPA) expired in 1999. *See* Act of May 9, 1961, 57th Leg., R.S. Ch. 158, 1961 Tex. Gen. Laws 289 (expired January 1, 1999), Act of May 31, 1993, 73rd Leg., R.S., ch. 917, § 2, Sec. 47, 1993 Tex. Gen. Laws 3887, 3912–13. *See Buck v. Palmer*, 381 S.W.3d 525, 528 n. 3 (Tex.2012) (per curiam) (TUPA expired January 1, 1999). TRPA expired on January 1, 2010. Act of May 29, 2003, 78th Leg., R.S., ch. 182, § 1, 2003 Tex. Gen. Laws 267, 592–93. On the expiration of TRPA, the Business Organizations Code applies to all partnerships regardless of formation date. *See Ingram v. Deere*, 288 S.W.3d 886, 894 n. 4 (Tex.2009).

2. Unlike some states, on its adoption of the Uniform Partnership Act, Texas chose to make partners both jointly and severally liable for both tort and contract obligations of the partnership. *See* Bromberg, *The Proposed Texas Uniform Partnership Act*, 14 S.W.L.J. 437, 445 (1960).

3. As Prof. Bromberg's comments to the Texas Uniform Partnership Act put it, "If [a partnership] is an entity in the extreme sense, partners would have no personal liability and little would remain to differentiate a partnership from a corporation." Alan R. Bromberg, Commentary on the Texas Uniform Partnership Act, 17 Tex.Rev.Civ. Stat. Ann. art. 6132b 299 (Vernon 1970); *see* II Alan R. Bromberg & Larry E. Ribstein, Bromberg and Ribstein on Partnership § 5.08(c) (Release No. 36, 2013–1 Supp.) ("Entity theory would preclude any liability of partner for partnership obligations").

4. Tex. Bus. Orgs.Code Ann. § 1.008(f) (West 2012) (providing short titles).

5. *See also* Tex.Rev.Civ. Stat. Ann. art. 6132b–2.01, Comment of Bar Committee—1993, stating restrictions on satisfaction of judgment against partner "are consistent with the emphasis on the partnership as an entity and give some protection to partners from having to bear (at least initially) a disproportionate share of partnership liability."

6. Tex. Bus. Orgs.Code Ann. § 152.306 (West 2012).

implied in the provisions of § 152.306. Moreover, whatever label one chooses to place on the cause of action against the partner to enforce the statutory joint and several liability for obligations of the partnership, it is clear the claimant may both sue individual partners and obtain a judgment against them at the same time as the claimant sues and obtains a judgment against the partnership. Tex. Bus. Orgs. Code Ann. §§ 152.304(a) (joint and several liability); 152.305 (suit against partnership and partners in same action); 152.306(a) (judgment may be entered against served partner in suit against the partnership) (West 2012); *see Kao Holdings, L.P. v. Young*, 261 S.W.3d 60, 63–64 (Tex.2008) (discussing Tex.Rev.Civ. Stat. Ann. art. 6132b–3.05(c), predecessor to § 152.306(a)). A cause of action accrues and statutes of limitations begin running when facts come into existence authorizing a claimant to seek a judicial remedy. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex.2003).

Secondly, with regard to *In re Jones*, 161 B.R. 180 (Bankr.N.D.Tex.1993), and its expressed conclusion that under the entity theory "it is logical that a partner has no liability until the partnership liability is established," *id.* at 183, it is worth pointing out the conclusion was contrary to Fifth Circuit authority holding that a direct cause of action existed against a partner who was jointly and severally liable on a partnership obligation. *See Foster v. Daon Corp.*, 713 F.2d 148, 151 (5th Cir. 1983) (applying Texas Uniform Partnership Act); *United States v. Williams*, No. 3:03–CV–2321–D, 2005 U.S. Dist. Lexis 15857 at *11 (N.D.Tex. Aug. 3, 2005) (discussing *Foster*).[7]

PATRICK A. PIRTLE, Justice, dissenting.

This case involves the statutory construction of provisions of the Texas Business Organizations Code as it pertains to the enforcement of a partnership obligation, previously reduced to judgment, against the individual partners of a general partnership. American Star Energy and Minerals Corporation obtained a judgment against S & J Investments, a Texas general partnership, based upon a contract dispute. When S & J Investments failed to satisfy that judgment, American Star brought suit against the partnership's four general partners, Richard W. "Dick" Stowers, Richard W. Stowers, Jr., Frank K. Stowers, and Linda Sue Jasurda (hereinafter the "Stowers defendants"). The Stowers defendants sought to defend that suit by contending that American Star's effort to enforce the judgment against them individually was barred by the statute of limitations. The trial court agreed and entered a take nothing judgment. The majority affirms the trial court's decision. Because I believe the majority unnecessarily construes applicable statutes and precedential authority too narrowly, leading to an unjust result, I respectfully dissent.

---

**7.** *See also Head v. Henry Tyler Constr. Corp.*, 539 So.2d 196, 199 (Ala.1988) (quoting 59A Am.Jur.2d *Partnerships*, § 709 at 590 (1987): "Where partners are considered jointly and severally liable on partnership obligations, establishing personal unlimited liability of partners as individuals, each individual partner thus pursued must be made a party to the action without the necessity of joining all partners in the suit as indispensable parties, nor must the plaintiff bring a prior action against the partnership. A direct right of action exists against the partner."); Brian Martin, Comment, *To What Extent Are Partnership Creditors Afforded More than One Bite at the Same "Apple?": TRPA Section 3.05 and Its Interplay with Principles of Res Judicata, Collateral Estoppel, and Statutes of Limitation*, 51 Baylor L.Rev. 149 (1999).

## BACKGROUND

In 1980, the Stowers defendants formed a Texas general partnership, S & J Investments, for the purpose of investing in certain oil and gas properties. Each individual originally owned an equal 25% interest. During the 1990s, S & J Investments had a contractual relationship with American Star regarding the operation of mineral interests owned by the partnership. In 1993, American Star filed suit alleging S & J Investments breached that contract by failing to pay certain operating expenses and overhead charges. In that original proceeding, the trial court granted a judgment in American Star's favor, which judgment was subsequently appealed to this Court by the partnership. *See S & J Investments v. American Star Energy and Minerals Corp.*, No. 07–99–0090–CV, 2001 WL 1380027, 2001 Tex.App. LEXIS 7730 (Tex.App.-Amarillo Nov. 7, 2001, pet. denied). We reversed a portion of the judgment and remanded the case to the trial court for further proceedings. *Id.* at *18–19. S & J Investments then filed a petition for review with the Texas Supreme Court which was denied on March 28, 2002. Our mandate issued on June 4, 2002.

In 2007, American Star was awarded a second judgment. Once again, S & J Investments appealed that judgment to this Court. *See S & J Investments v. American Star Energy and Minerals Corp.*, No. 07–07–0357–CV, 2008 WL 2669665, 2008 Tex.App. LEXIS 5078, (Tex.App.-Amarillo July 8, 2008, pet. denied). We overruled

each of S & J Investments' issues and affirmed the judgment of the trial court. *Id.* at *15. After a motion for rehearing was denied, S & J Investments again filed a petition for review with the Texas Supreme Court which was denied on December 5, 2008. *See S & J Investments v. American Star Energy and Minerals Corp.,* No. 08–0806, 2008 WL 2669665, 2008 Tex. LEXIS 1102 (Tex.2008). A motion for rehearing was denied on May 8, 2009, *S & J Investments v. American Star Energy and Minerals Corp.*, No. 08–0806, 2009 Tex. LEXIS 284 (Tex.2009), and our mandate issued on May 22, 2009.

In February 2010, in response to American Star's efforts to finally collect that judgment debt, S & J Investments asserted its assets were insufficient to satisfy the judgment.[1] Therefore, on June 10, 2010, American Star filed the present suit against the individual partners seeking to confirm their joint and several liability for the partnership obligation that had now been reduced to judgment. The Stowers defendants answered, raising the affirmative defense of statute of limitations.

American Star filed a motion for partial summary judgment alleging that its cause of action seeking to enforce the partnership's judgment debt[2] against the individual partners did not accrue until the judgment became final and unappealable when our final mandate issued on May 22, 2009. Accordingly, American Star contends that when it filed suit in June 2010, that suit was timely filed under the four-year statute of limitations applicable to debt collections.[3] The Stowers defendants responded

---

1. In a deposition taken February 18, 2010, S & J Investments' managing partner, Richard Stowers, testified the partnership was unable to pay the judgment "because there aren't resources to pay that." He also testified Frank Stowers, Dick Stowers and Susie Jasurda were partners and indicated a third-party entity was paying the partnership's attorney's fees.

2. *See Black's Law Dictionary* 433 (8th Ed. 2004) (A "judgment debt" is defined as "[a] debt that is evidenced by a legal judgment....")

3. *See* TEX. CIV. PRAC. & REM CODE ANN. § 16.004(a)(3) (WEST 2008) ("A person must bring suit on the following actions not later

with a cross-motion for summary judgment asserting American Star's cause of action against them accrued no later than June 15, 1998, when the *partnership* last breached its contract pertaining to operating expenses and overhead charges. Despite the fact that the individual Stowers defendants did not have a contract with American Star, they contend American Star was required to file a *breach of contract suit* against them *individually* for the *partnership's* breach no later than June 15, 2002, under the four-year statute of limitations applicable to contract actions.[4] In its judgment, the trial court denied American Star's motion, granted the cross-motion of the Stowers defendants, and entered a take-nothing judgment. The majority affirms that judgment.

## ANALYSIS

The quintessential principle of the majority and concurring opinions is that the cause of action being asserted by American Star in this suit is the breach of contract cause of action that was the subject of the earlier proceeding.[5] A careful examination of the pleadings makes it clear that simply is not the case.

In this proceeding, American Star's cause of action against the individual partners is not based on the law of contracts or the facts and circumstances of the underlying contract dispute. Instead, American Star's claim is premised on statutory provisions contained in the Texas Business Organizations Code providing that the individual partners of a partnership are "jointly and severally liable for all obligations of the partnership ..." and the fact that "a creditor may proceed against one or more partners or the property of the partners to satisfy a judgment" obtained against the partnership, provided that judgment "has not been reversed or vacated; and remains unsatisfied for 90 days after the date on which the judgment [was] entered." TEX. BUS. ORGS.CODE ANN. §§ 152.304(a) and 152.306(b) (WEST 2012).[6]

---

4. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (WEST 2008) ("Every action for which there is no express limitations period, ... must be brought not later than four years after the day the cause of action accrues.")

5. The majority opinion provides: "To the extent [TEX. BUS. ORGS.CODE ANN. § 152.304(a) (WEST 2012)] provides that individual partners are jointly and severally liable for partnership obligations, that individual partners may be sued in the same proceeding initiated against the partnership, and a judgment may be entered against an individual partner who is a party in the same action initiated against the partnership, the majority must logically deduce that those same provisions recognize both the existence of a chose-in-action against the individual partners and its accrual at the same time the claim accrues against the partnership." *American Star Energy and Minerals Corp. v. Stowers*, No. 07–11–00199–CV, 405 S.W.3d 905, 906–07, 2013 Tex.App. LEXIS

than four years after the day the cause of action accrues ... (3) debt....")

——, at *—— (Tex.App.-Amarillo, May 14, 2013, no pet. h.). Furthermore, the concurring opinion notes that "it is clear the claimant may both sue individual partners and obtain a judgment against them at the same time as the claimant sues and obtains a judgment against the partnership" and "a cause of action accrues and statutes of limitations begin running when facts come into existence authorizing a claimant to seek a judicial remedy." *Id.* 405 S.W.3d at 909. (internal citations omitted).

6. The Business Organizations Code governs the relationship between partners and partnerships to the extent a partnership agreement does not speak to a particular issue. TEX. BUS. ORGS.CODE ANN. § 152.002(a) (WEST 2012). The parties cite to provisions of the Texas Revised Partnership Act even though that act expired January 1, 2010. *Ingram v. Deere*, 288 S.W.3d 886, 905 n. 4 (Tex.2009); *Westside Wrecker Serv., Inc. v. Skafi*, 361 S.W.3d 153, 166 n. 15 (Tex.App.-Houston [1st Dist.] 2011, pet. denied). After that date, the

*See The Carlyle Joint Venture v. H.B. Zachry Co.*, 802 S.W.2d 814, 816 (Tex. App.-San Antonio 1990, writ denied) (award against individual joint venture partners "was proper because confirmation of the arbitration award against the joint venture was a debt and obligation of the joint venture for which each partner is jointly and severally liable within the meaning of the Texas Uniform Partnership Act").

As such, the statutory cause of action being asserted against the Stowers defendants did not even come into existence until there was a final, unappealable judgment against the partnership that remained unsatisfied. *See Evanston Ins. Co. v. Dillard Dep't Stores, Inc.*, 602 F.3d 610, 617–18 (5th Cir.2010) *(per curiam )* (creditor's action against individual partners to collect a prior judgment against partnership accrued when final judgment was issued against partnership on creditor's claim); *In re Jones*, 161 B.R. 180, 183 (Bankr.N.D.Tex.1993) (it was not until the trial court's judgment became final that the partnership owed a debt). Until the contract dispute was reduced to judgment, American Star had no independent statutory right to enforce that judgment against the individual partners.

The majority reaches its conclusion that the cause of action being asserted by American Star in this suit is "based on the *same claim* ..." that could have been brought against the individual partners in the earlier proceeding based upon its construction of sections 152.304, 305 and 306. Specifically, the majority finds that based on its construction of section 152.306(b)(1) and (2), "judgments against the partners

must be founded upon the *identical claim or cause of action* giving rise to the judgment against the partnership." *American Star Energy and Minerals Corp. v. Stowers*, No. 07–11–00199–CV, 405 S.W.3d 905, 907, 2013 Tex.App. LEXIS ——, at *—— (Tex.App.-Amarillo, May 14, 2013, no pet. h.) (emphasis added). Prior to this case, no Texas appellate court has interpreted sections 152.304(a) and 152.306(b)(1) & (2) to reach that result.

The first principle of statutory construction is to ascertain and give effect to the Legislature's intent. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex.2003). In doing so, an appellate court must first look to the plain and common meaning of the language of the statute; *id.;* TEX. GOV'T CODE ANN. § 312.992 (WEST 2005), and read the statute as a whole, not just as an isolated portion. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). In construing statutes, reviewing courts must also consider the objective the law seeks to obtain and the consequences of a particular construction. *Coleman v. Coleman*, 170 S.W.3d 231, 236 (Tex.App.-Dallas 2005, pet. denied). *See* TEX. GOV'T CODE ANN. § 312.006 (WEST 2005) (statutes to be liberally construed to achieve their purpose and promote justice). Therefore, we must determine whether the Legislature intended the "same claim" language of section 152.306(b)(2) to mean the identical claim or cause of action giving rise to the judgment against the partnership.

Resolution of that issue in this case necessarily begins with an analysis of the nature of the cause of action actually be-

Business Organizations Code applies to all partnerships, "regardless of their formation date." *Ingram*, 288 S.W.3d at 905 n. 4; *Westside Wrecker Serv.*, 361 S.W.3d at 166 n. 15. Accordingly, throughout the remainder of this dissenting opinion, I will cite to the current

provisions of the Business Organizations Code as "section ——" or "§ ——." Provisions of the Business Organizations Code applicable here do not materially differ from the Texas Revised Partnership Act provisions cited by the parties.

ing asserted by American Star in this suit. Although it has not always been so, Texas adheres to the "entity theory" under the Texas Business Organizations Code. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 463 (Tex.2011). Under the entity theory of partnership law, the partnership is an entity separate and distinct from its partners. *Id.* (citing 1 Alan Bromberg & Larry E. Ribstein, Bromberg and Ribstein on Partnership § 1.03(a)-(b) (Release No. 31,-2011–12 Supp.)). *See* § 152.056. Under the "aggregate theory" of partnership law, "the 'partnership' name or label is a convenient way of referring to the partners as a group." *Id.* " '[T]o allay concerns that stemmed from confusion as to whether a partnership was an entity or an aggregate of its members,' the 73rd Legislature passed the Texas Revised Uniform Partnership Act in 1993 and thereby 'unequivocally embrace[d] the entity theory of partnership specifically stating ... that a partnership is an entity distinct from its partners.' Tex.Rev.Civ. Stat. Ann. art. 6132b–2.01, Comment of Bar Committee—1993." *In re Allcat,* 356 S.W.3d at 464 (discussing passage of the predecessor to the current statutory provision at section 152.056).

In keeping with the entity theory, in the underlying lawsuit, American Star was required to seek relief for its injury due to the breach of contract directly from the partnership, S & J Investments, not the individual partners. Under the Business Organizations Code, where a partnership breaches a contract, the partnership is pri-

marily liable for all obligations of the partnership, and its partners are jointly and severally liable unless otherwise agreed to by the claimant or as provided by law. § 152.304(a). In addition, a judgment against a partnership is not by itself a judgment against a partner although a judgment may be entered against a partner who has been served with process in a suit against a partnership. § 152.306(a).[7] That said, "[a]n action *may* be brought against a partnership and any or all of the partners in the same action *or in separate actions.*" § 152.305 (emphasis added). Thus, "[a] *judgment* against a partnership may not be satisfied from a partner's assets *unless* there is also a judgment against the partner" and "a partner must be individually named and served, either in the action against the partnership *or in a later suit,* before his personal assets may be subject to levy for a claim against the partnership." *Kao Holdings, L.P. v. Young,* 261 S.W.3d 60, 63 (Tex.2008) (emphasis supplied) (citing the Uniform Partnership Act at § 307(c) (1997) cmt.). *See Elmer v. Santa Fe Properties, Inc.,* No. 04–05–00821–CV, 2006 WL 3612359, at \*3, 2006 Tex.App. LEXIS 10593, at \*8 (Tex. App.-San Antonio Dec. 13, 2006, no pet.) (the language contained in section 152.305 [the predecessor to article 6132b–3.05(b) ] "clearly allow[s] a creditor to sue a partnership and its partners in one suit or in any number of subsequent actions"). Whether or not the individual partner is served in the same suit or separate suits, a judgment against the partnership is a condition precedent to an action against an

---

7. Any partnership may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right. Tex.R. Civ. P. 28. A citation served on one member of a partnership authorizes a judgment against the partnership and the partner actually served. Tex. Civ. Prac. & Rem.Code Ann. § 17.022 (West 2008). If a suit is against several partners who are jointly indebted under a contract and citation has been served on at least one but not all of the partners, the court may render judgment against the partnership and against the partners who were actually served, but may not award a personal judgment or execution against any partner who was not served. *Id.* at § 31.003.

individual partner or the property of the partners. § 152.306(b)(2)(A).

The Business Organizations Code provides that a plaintiff may only seek relief from a general partner to recover on an *obligation* of the partnership "when [the plaintiff has] also obtained an unsatisfied judgment against the partnership." *Crane v. Samson Resources Co.,* 356 Fed.Appx. 683, 685 (5th Cir.2009) (citing then § 6132b–3.05(a), now § 152.306(b)). *See Jones,* 161 B.R. at 183. ("Under the entity theory of partnerships, it is logical that a partner has no liability until the partnership liability is established.") Section 152.306(b) expressly provides that "a creditor may proceed against one or more partners or the property of the partners *to satisfy a judgment based on a claim against the partnership* only if a judgment (1) is also obtained against the partner; and (2) based on the same claim, is obtained against the partnership.…" *See McNamera v. Inland Environments,* No. 09–08–0106–CV, 2008 Tex.App. LEXIS 9013, at *2, 4–5, 12 (Tex.App.-Beaumont 2008, no pet.) (emphasis added) (subsequent judgment sought against partner was "based on the same claim" when partnership had insufficient property to satisfy prior default judgment against it on breach of contract claim). Thus, while a creditor *may* sue a partner *on the same claim* in the same suit as the partnership or in a separate suit, a creditor *may not* proceed against the individual partners' assets until a judgment has been rendered against the partnership unless an exception applies.[8]

In sum, American Star had the right to sue S & J Investments to recover for any injury suffered due to breach of its operating agreement; § 152.303(a), and, absent a statutory exception provided by section 152.306(c) (not applicable here), as a creditor, American Star could have obtained a judgment directly against one or more of S & J's partners *only if* it also obtained a judgment against the partnership. *See* § 152.306(b). The fact that American Star could have obtained a judgment against the individual partners in the original suit against S & J Investments, *see* §§ 152.305 and 152.306(a), does not mean that judgment was based on the contract cause of action. Indeed, it could not have been. Under the entity theory, there clearly was no privity between American Star and the individual partners. The nature of the partners' individual liability is, instead, based on statutorily mandated joint and several liability; liability that did not exist until American Star obtained a judgment against the partnership. § 152.304(a). Furthermore, the mere fact that American Star could have sued and obtained a judgment against the individual partners at the same time as the partnership does not mean that there was a direct cause of action against the individual partners for breach of contract, and it does not change the fact that, as a creditor of the partnership, American Star was required to pursue a final judgment against the partnership before ultimately proceeding against the individual partners or their property. *See* § 152.306(b) (requiring that the judg-

---

8. The Business Organizations Code permits a creditor to proceed directly against one or more partners or their property, without first seeking satisfaction from partnership property if: (1) the partnership is a debtor in bankruptcy; (2) the creditor and partnership agreed that the creditor is not required to comply with specific statutory provisions; (3) a court so orders, based on a finding that partnership property within Texas is clearly insufficient to satisfy the judgment, or that compliance with specified statutory provisions is excessively burdensome; or (4) liability is imposed on the partner independently of the person's status as a partner. *See* § 152.306(c). None of those exceptions apply here.

ment against the partnership not be vacated or reversed and that it remain unsatisfied for ninety days after the date on which judgment is entered before a creditor may seek to satisfy that judgment against one of the partners or the property of the partners). § 152.306(b). This is no mere "restriction" on the right of a creditor to seek satisfaction of its judgment against a partnership. It is a requirement that a judgment be entered against the individual partners, not based on the underlying cause of action, but instead based on statutorily established joint and several liability.

In this regard, the nature of individual partners' liability for a partnership debt is not unlike a third-party practice where a defendant may bring an action to join a party who may be liable for all or part of a plaintiff's claims against him. See Tex.R. Civ. P. 38(a). Like the subsequent action against an individual partner to enforce a judgment obtained against the partnership, a third-party action is not an independent cause of action, but is derivative of plaintiff's claim against the responsible party. Goose Creek Consolidated Indep. Sch. Dist. of Chambers and Harris Counties v. Jarrar's Plumbing, Inc., 74 S.W.3d 486, 492 (Tex.App.-Texarkana 2002, pet. denied) (citing Eslon Thermoplastics v. Dynamic Sys., Inc., 49 S.W.3d 891, 902 (Tex.App.-Austin 2001, no pet.)) "As such, an action for indemnification or contribution does not accrue for limitations purposes until a plaintiff recovers damages or settles its suit against a defendant." Id. (collected cases cited therein).

Moreover, contrary to the assertions of the Stowers defendants, policies underlying statutes of limitations are not implicated here. A statute of limitations serves primarily to compel the assertion of a cause of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available; Moreno v. Sterling Drug Inc., 787 S.W.2d 348, 351 (Tex.1990), and to prevent stale claims. Kerlin v. Sauceda, 263 S.W.3d 920, 925 (Tex.2008). Here, American Star timely pursued its breach of contract claim against S & J Investments and its claim against the individual partners is not stale because that claim does not depend on proof of a breach of contract by S & J Investments. In fact, American Star's claim is not stale because it did not arise until the judgment against S & J Investments met the requirements of section 152.306(b). See Matthews Constr. Co. v. Rosen, 796 S.W.2d 692, 694 (Tex.1990) (subsequent alter ego claim against President and sole shareholder of corporation after statute of limitations had run on claim underlying judgment against corporation in prior suit was not untimely or stale). See also F.D.I.C. v. Mmahat, 960 F.2d 1325, 1329–30 (5th Cir.1992) ("The suit against [an] individual partner to collect on the judgment against [a] partnership does not rest on an identical obligation, nor does it require readjudication of the [original] claim [against the partnership]."); Boyte v. Lionhead Holdings, No. 3:10–CV–1467–D, 2012 WL 2680022, at *3, 2012 U.S. Dist. LEXIS 93721, at *10–11 (N.D. Dallas 2012) (quoting Mmahat for the proposition that "[a] suit to collect on a previously obtained judgment is not based on a common nucleus of operative facts with a prior suit resulting in judgment.")

The sole issue remaining in this case is whether these defendants were in fact the partners of S & J Investments. See In re Jones, 161 B.R. at 184 ("Once the liability of the partnership became fixed, the only issue remaining was whether the Defendants were partners....") See also Kao Holdings, L.P., 261 S.W.3d at 64 ("[p]artners against whom judgment is sought should be both named and served so that they are on notice of their potential liabili-

ty and *will have an opportunity to contest their personal liability for the asserted partnership obligation*" [emphasis added]).

In addition, preventing American Star from maintaining suit against the Stowers defendants on the judgment against S & J Investments would frustrate the Legislature's intent by insulating the individual partners from their joint and several liability for partnership obligations, while encouraging parties to engage in tactics to delay litigation while possibly shedding partnership assets when a party opts under the code to sue only the partnership on a breach of contract claim. Such a policy will only increase the complexity of suits to enforce partnership obligations.

Based upon my construction of the Legislature's intent with respect to the enactment of sections 152.304(a), 152.305, and 152.306(b)(1) & (2)(A)-(C), I would hold that the claim being asserted by American Star in this cause of action did not accrue until a final judgment was entered against S & J Investments that remained unsatisfied for ninety days after the date on which it was entered. *See* § 152.306(b)(2)(A)-(C). As such, I would find that this suit was timely filed in June 2010, and that it is not barred by limitations. Accordingly, I would sustain American Star's first issue and render judgment granting its motion for partial summary judgment on the Stowers defendants' affirmative defense of limitations.